**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WILLIE JONES,

    Plaintiff,

v.                                                                  Case No. 07-CV-11002

DEBRA RICHARDSON, et al.,

    Defendants.
                                                   /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Plaintiff Willie Jones filed his prisoner civil rights case on March 8, 2007. On August 16, 2007, Defendants Julie Tudor, Debra Richardson, Jim Hense, Linda Hankerd, Sharon Fitzhugh, Michael Singleton, Tony Croll, Deborah Lott, Robert Ault, Gar Ball, Julie Van Setters, Michelle Pelon, James Armstrong, Carmen Palmer, James Pung and Robert Prevo filed their motion for summary judgment. Defendants Savithri Kakaini, Kent Filsinger and Bency Mathai filed their motion to dismiss on September 14, 2007. On February 22, 2008, Magistrate Judge Virginia Morgan issued a Report and Recommendation ("R&R") in the above-captioned matter, recommending that the court grant Defendants' motion for summary judgment and grant in part and deny in part Defendants' motion to dismiss. Plaintiff's objections to the Magistrate Judge's report and recommendation were filed on March 14, 2008. For the reasons stated below, the court will overrule the objections, adopt the report and recommendation, grant Defendants' motion for summary judgment and grant in part and deny in part Defendants' motion to dismiss.

## I.  STANDARD

### A.  Motion to Dismiss

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true.  *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff."  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences."  *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).  Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1974 (2007).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions.  *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)).  Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955).  In application, a "complaint must contain either direct or

inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## B. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

3

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)). A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## C. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

### A. Motion for Summary Judgment

#### 1. Exhaustion

In the R&R, the magistrate judge recommends dismissing without prejudice Defendants Ault, Fitzhugh, Lott, Pung and Prevo because Plaintiff failed to exhaust his administrative remedies as to them. The Prisoner Litigation Reform Act ("PLRA") requires a plaintiff to exhaust his administrative remedies prior to filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). To satisfy this mandatory exhaustion requirement, "a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describ[ing] with specificity the administrative proceedings and its outcome." *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). A prisoner must administratively exhaust his remedies as to each defendant associated with the claim. *Burton v. Jones*, 321 F.3d 569, 574 (6th Cir. 2003); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Dismissal for failure to exhaust is to be without prejudice. *See, e.g., Boyd*, 380 F.3d at 994.

Plaintiff has not objected to this recommendation as to Defendants Ault, Fitzhugh, Pung and Prevo and has therefore waived his right to do so. *See Smith*, 829 F.2d at 1373. Because the court agrees that Plaintiff has failed to exhaust his administrative remedies as to these Defendants, the court will adopt the magistrate

judge's recommendation and dismiss Defendants Ault, Fitzhugh, Pung and Prevo without prejudice.

Plaintiff has, however, objected to the recommendation as to Defendant Lott. In his objection, Plaintiff admits that he did not complete step three of the review process as to Lott, but claims that he sent in the step three grievance and "just never got a response." (Pl.'s Obj. at 14-16.) Plaintiff fails to identify any further efforts, if any, that he made to follow up on his grievance against Lott and, under these facts, has failed to demonstrate exhaustion or an inability to exhaust. Accordingly, Plaintiff's claim against Lott will be dismissed without prejudice to allow Plaintiff to continue his grievance procedures against Lott.

### 2. Supervisory Liability

Defendants Ball, Tudor, Van Setters, Pelon, Armstrong and Palmer reviewed and denied Plaintiff's administrative grievances. The magistrate judge recommends dismissing these Defendants because Plaintiff seeks to improperly impose on them supervisory liability, and "§ 1983 liability cannot be imposed under a theory of *respondeat superior*." *Miller v. Calhoun County*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). Instead, "proof of personal involvement is required for a supervisor to incur personal liability." *Id.*

Plaintiff objects, arguing that supervisors can be held liable if they approve of what their subordinates have done, and that these Defendants knew their "subordinates were being accused of violating my rights . . . had the right to correct what was done, but they did not." (Pl.'s Obj. at 12-13.) However, the magistrate judge correctly found that "the mere denial of administrative grievances is not active unconstitutional behavior

7

and does not constitute personal involvement." (R&R at 7 (citing *Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999)).) Because Plaintiff has failed to identify any personal involvement other than the denial of his grievances, the court will overrule Plaintiff's objection.

### 3. Deliberate Indifference

Plaintiff bases his Eighth Amendment claims on Defendants' supposed "deliberate indifference" to his serious medical needs. Plaintiff has a long history of asthma problems, and he has been treated with inhalers and breathing treatments for over 20 years. Most of his care has been within the prison system. Prisoners have a constitutional right under the Eighth Amendment to reasonably necessary medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976), and prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104. To establish deliberate indifference, Plaintiff must establish deliberate indifference on the part of prison officials and he must also demonstrate that his medical needs were serious. *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980); *West v. Keve*, 571 F.2d 158, 161 (3rd Cir. 1978).

The magistrate judge reviewed Plaintiff's claims against Defendants Richardson, Hense, Hankerd, Singleton and Croll on the merits and recommended granting their motion for summary judgment. Plaintiff has not objected to this recommendation as to Defendants Singleton and Croll and has therefore waived his right to do so. *See Smith*, 829 F.2d at 1373. Because the court agrees that Defendants Singleton and Croll were not deliberately indifferent to Plaintiff's medical needs, the court will adopt the

magistrate judge's recommendation and grant summary judgment as to Defendants Singleton and Croll.

### a. Richardson and Hankerd

Regarding Defendants Richardson and Hankard, Plaintiff claims that they denied him medication. The magistrate judge recommends granting these Defendants summary judgment on the merits because the medical records and grievances show that they not deliberately indifferent to Plaintiff's medical needs. Specifically, the magistrate judge determined that Richardson and Hankard were not deliberately indifferent when they refused Plaintiff's requests for a breathing treatment because the breathing treatment is a prescription drug that Defendants, as nurses, were unable to prescribe. (R&R at 12-13.) The magistrate judge concluded that "Plaintiff's claims show only a disagreement with the medical approach and no constitutional violation." (*Id.*)

Plaintiff objects, arguing that Dr. Camann issued a standing order that Plaintiff should be given a breathing treatment whenever Plaintiff came in to get one. (Pl.'s Obj. at 2.) Therefore, Plaintiff argues that Defendants had no right to refuse him medical treatment that his doctor ordered. (*Id.*)

Plaintiff's medical records have been provided to the court pursuant to a protective order. These records contain no support for Plaintiff's factual contentions. Accordingly, the court adopts the magistrate judge's findings that neither Richardson nor Hankerd were deliberately indifferent for failing to administer medication that Plaintiff had not been prescribed and that they were unable to prescribe.

9

### b. Hense

Plaintiff claims that Hense was deliberately indifferent for delaying Plaintiff's access to medical care for forty-five minutes on June 19, 2004. According to the prison records, however, Plaintiff's medical incident began at 8:55 a.m. and Plaintiff left for the hospital at 9:15 a.m., a mere twenty minutes later. More importantly, however, the record shows that Hense did not begin work until 10:00 a.m. The magistrate judge therefore recommends that the court should grant Hense summary judgment because there is no evidence of Hense's personal involvement in this incident. (R&R at 12.)

In Plaintiff's objection, he maintains that Hense signed in early, which is why he was there even when he was not scheduled to work until over an hour later. There are no facts on record supporting Plaintiff's objection. Instead, there are work records, medical records, and Hense's affidavit that indicate Hense did not arrive at work until after Plaintiff's incident. Moreover, Plaintiff has not objected to the magistrate judge's determination that the time between Plaintiff's medical complaints and Plaintiff's trip to the hospital was a mere twenty minutes. The court does not find any genuine issues of material fact that would preclude summary judgment against Hense.

### B. Motion to Dismiss

Defendants Filsinger, Kakani and Mathai file their motion to dismiss based on the statute of limitations and for failure to exhaust administrative remedies. The magistrate judge recommends granting Filsinger's motion to dismiss for failure to exhaust administrative remedies and recommends denying Kakani and Mathai's motion to dismiss based on the statute of limitations.

10

### 1. Exhaustion

It is undisputed that Plaintiff attempted to file administrative grievances against Defendant Filsinger by filing administrative grievances against "P.A." Although Filsinger is a physician's assistant, the magistrate judge concluded that Plaintiff's grievances against Filsinger's title, instead of his name, were inadequate "[g]iven the number of 'PAs' who have seen plaintiff and the number employed at the various facilities where plaintiff has been housed." (R&R at 9.) The magistrate determined that "it is not reasonable to believe that an allegation against a "PA" could be read to be against PA Filsinger," especially "where plaintiff has sued at least one other 'PA,' co-defendant Kakani." (*Id.*) Accordingly, the magistrate judge recommends that the court grant Filsinger's motion to dismiss because Plaintiff has failed to properly exhaust his administrative remedies against Filsinger. (*Id.*)

Plaintiff objects, arguing that he has exhausted his claims as to Filsinger because his grievance against "P.A." obviously referred to Filsinger for the following reasons: (1) "Filsinger was the only P.A. working at Carson City Correctional Facility at the time of this issue;" (2) P.A. Filsinger knew who I was talking about that is why he responded to the grievance;" and (3) the Michigan Department of Corrections ("MDOC') "accepted the grievances as being in compliance with the MDOC policy." (Pl.'s Obj. at 4-5.)

The MDOC grievance system requires prisoners to specifically identify the parties involved at step one of the grievance process. MDOC Policy Directive 03.02.130 (2003). Plaintiff is required to comply with all procedural requirements in order for his claims to be deemed fully exhausted. *Woodford v. Ngo,* 126 S.Ct. 2378 (2006). Plaintiff admits that he did not designate Filsinger by his name and therefore

violated the MDOC policy. The court agrees with the magistrate judge's determination that Plaintiff's method of identifying Filsinger was not reasonable and Plaintiff therefore failed to exhaust his administrative remedies against Filsinger. The mere fact that the MDOC may have accepted and proceeded with Plaintiff's grievance does not remedy or excuse Plaintiff's error.

### 2. Statute of Limitations

Defendants Kakani and Mathai brought their motion to dismiss on the basis that the statute of limitations bars Plaintiff's claims against them. Actions brought under 42 U.S.C. § 1983 have a three year statute of limitations, which begins to run when a plaintiff has reason to know of the injury that forms the basis for his action. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988). A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence. *McCune*, 841 F.2d at 905.

Here, Plaintiff argues that Kakani and Mathai were deliberately indifferent to his serious medical needs in July, 2003, and October, 2003, respectively. Accordingly, Kakani and Mathai claim that Plaintiff had until July, 2006, and October, 2006, respectively, to bring his claims against them. Plaintiff signed his complaint January 29, 2007, and Defendants therefore argue that his claims against them are untimely.

The magistrate judge noted, however, that because Plaintiff was required to exhaust all available administrative remedies, the exhaustion process may toll the statute of limitations. (R&R at 8.) The grievances on record in this case show completion dates of June 7, 2004 and later. Therefore, Plaintiff's January 29, 2007 complaint appears facially timely. As the magistrate judge recognized, however, it is

unclear exactly when the grievances against Kakani and Mathai were concluded. Because exhaustion is an affirmative defense, courts have placed the burden of proof on defendants, and the Tenth Circuit has found that in considering tolling based on "administrative exhaustion under 42 U.S.C. § 1997e, the burden lies with the defendants." *Roberts v. Barreras*, 484 F.3d 1236 (10th Cir. 2007); *see also Munson v. Norris*, 435 F.3d 877, 880 (8th Cir. 2006). Therefore, the magistrate judge concluded that Kakani and Mathai failed to meet their burden to show that Plaintiff's action is time barred and recommends that the court deny their motion to dismiss. Neither Kakani nor Mathai have objected to this recommendation, and have therefore waived their right to do so. *See Smith*, 829 F.2d at 1373. Because the court agrees that Kakani and Mathai have failed to meet their burden of proof, the court will adopt the magistrate judge's recommendation and deny Defendants Kakani and Mathai's motion to dismiss.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's objections [Dkt. # 92] are OVERRULED and the Magistrate Judge's Report and Recommendations [Dkt. ## 90 & 91] are ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant Tudor, Richardson, Hense, Hankerd, Fitzhugh, Singleton, Croll, Lott, Ault, Ball, Van Setters, Pelon, Armstrong, Palmer, Pung and Prevo's motion for summary judgment [Dkt. # 51] is GRANTED.

IT IS FURTHER ORDERED that Defendant Filsinger, Kakani and Mathai's motion to dismiss [Dkt. # 75] is GRANTED IN PART AND DENIED IN PART.

Specifically, it is GRANTED as to Defendant Filsinger and DENIED as to Defendants Kakani and Mathai.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: March 31, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 31, 2008, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522