UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


WILLIE JONES,

        Plaintiff,                      CIVIL ACTION NO. 07-11002

    v.                                DISTRICT JUDGE ROBERT H. CLELAND

RICHARDSON, SANTANA,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
KAKANNI, BENCY K. MATHAI,
DOUSST, HANSEN, LINDA LNU,
SIEGEL, S. FITZHUGH, SINGLTON,
FILSINGER, MARY BARWELL,
MELESSIA LNU, TONY LNU,
MEYERS, LOTT, AULT, BALL,
TUDOR, JULIE VAN SETTERS,
PELON, JIM ARMSTRONG,
PALMER, PUNG, PREVO, JIM
HENSE, LINDA HANKERD, and
TONY CROLL,

        Defendants.[1]
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on defendants Kakanni and Mathai's Motion to

Dismiss for Failure to Comply with Court Order (D/E #106). Plaintiff has filed a response to

that motion to dismiss (D/E #109) and defendants have filed a reply to plaintiff's response (D/E

---

[1] Defendants Richardson, Fitzhugh, Singlton, Filsinger, Tony LNU, Lott, Ault, Ball, Tudor, Van Setters, Pelon, Armstrong, Palmer, Pung, Prevo, Hense, Hankerd and Croll were dismissed from this action on March 31, 2008 (D/E #93). Defendants Santana, Dousst, Hansen, Linda LNU, Siegel, Barwell, Melissa LNU and Meyers were dismissed from this action on May 7, 2008 (D/E #101). Therefore, the only remaining defendants are Kakanni and Mathai.

-1-

#111). For the reasons discussed below, this Court recommends that defendants' motion to dismiss for failure to comply with a court order be **DENIED** and that plaintiff be given until October 30, 2008, to provide defendants with a signed authorization granting defendants access to plaintiff's grievance records. This Court also recommends that plaintiff be ordered to file a copy of that signed authorization with the Court at the time he provides it to defendants. This Court further recommends that plaintiff be warned that any future failures to comply with court orders could lead to dismissal of his action with prejudice.

Defendants argue that plaintiff's claims against them should be dismissed because plaintiff failed to comply with a order of this Court regarding the production of discovery. While defendants do not identify the legal basis for their motion, Fed. R. Civ. P. 37(b)(A)(v) authorizes the involuntary dismissal on the merits for failure of the plaintiff to comply with any discovery order of the Court.[2] Fed. R. Civ. P. 37(b)(A)(v) provides that a Court may dismiss the action or proceeding in whole or in part when a party fails to obey an order to provide or permit discovery.

To determine the proper sanction, if any, the Court must look to the party's reasons for such failure to comply. Central to the determination of the appropriate sanction is the willfulness or lack of good faith manifested by the party's conduct. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958). As noted by

---

[2]The Court could also dismiss plaintiff's claim pursuant to Fed. R. Civ. P. 41(b) or the inherent power of the Court, but the factors considered when dismissing an action under Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 37(b), or a court's inherent power are largely the same. Coleman v. American Red Cross, 23 F.3d 1091, 1094 n. 1 (6th Cir. 1994).

the Sixth Circuit, "dismissal is an appropriate sanction where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is conscious and intentional failure to comply with the court order." Bass v. Jostens, Inc., 71 F.3d 237, 241 (6th Cir. 1995) (citing Brookdale Mill, Inc. v. Rowley, 218 F.2d 728, 729 (6th Cir.1954)). Four factors should be considered when deciding whether to dismiss under Rule 37(b)(2): (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. See Bass, 71 F.3d at 241; Bank One of Cleveland v. Abbe, 916 F.2d 1067, 1073 (6th Cir. 1990); Stough v. Mayville Community Schools, 138 F.3d 612, 615 (6th Cir.1998).

"Dismissal of an action for failure to cooperate in discovery is a sanction of last resort." Patton v. Aerojet Ordnance Co., 765 F.2d 604, 607 (6th Cir.1985); see also The Proctor & Gamble Co. v. Haugen, 427 F.3d 727, 738 (10th Cir. 2005) ("Dismissal with prejudice represents an extreme sanction and thus is considered appropriate only in cases involving willfulness, bad faith, or some fault on the part of the party to be sanctioned")(internal citations and quotations omitted).

In this case, on June 5, 2008, this Court ordered plaintiff to sign and return, within two weeks of the order, authorizations permitting defendants access to plaintiff's medical records and grievance procedure records (D/E #103). According to defendants, plaintiff failed to provide the

signed authorizations and, therefore, they filed the motion to dismiss before the Court on June 23, 2008 (D/E #106). On July 21, 2008, plaintiff filed a response to defendants motion to dismiss in which he asserted that he had sent the authorization for his medical records to defendants over a month ago (D/E #109). In their reply to plaintiff's response, defendants assert that plaintiff only provided the signed authorization regarding plaintiff's medical records after defendants filed their motion to dismiss (D/E #111). Defendants also assert that plaintiff has never provided a signed authorization with respect to his grievance records.

An analysis of the factors used in determining whether to dismiss an action with prejudice as a discovery sanction demonstrates that plaintiff's claim should not be dismissed for failure to comply with this Court's order. Defendants do not argue in their motion that plaintiff's failure to timely produce the signed authorizations was wilful or in bad faith and, while the Court's order was clear, plaintiff is proceeding *pro se* in this action. Defendants also fail to identify any prejudice suffered as a result of a delay in receiving the signed authorizations and plaintiff was not warned that a failure to comply with the Court's order could lead to dismissal of his action with prejudice. No lesser sanctions have been imposed or considered in this case prior to defendants' motion to dismiss.

As discussed above, dismissal of the action as a sanction against the offending party is an extreme measure that should only be used as a last resort. Patton, 765 F.2d at 607; Haugen, 427 F.3d at 738. In this case, given the lack of prejudice suffered by defendants, the absence of any warning to plaintiff regarding the failure to comply with the Court's order and the fact that no lesser sanctions have been imposed against plaintiff previously, dismissal with prejudice is not

an appropriate sanction at this time and defendants' motion should be denied. Plaintiff should be given until October 30, 2008, to provide defendants with a signed authorization permitting access to plaintiff's grievance records and, to identify when plaintiff does so, plaintiff should be ordered to file a copy of the signed authorization with the Court. Plaintiff should also be put on notice that any future failure to comply with Court orders could lead to dismissal of his action with prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan  
Virginia M. Morgan  
United States Magistrate Judge

Dated: September 19, 2008

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on September 19, 2008.

s/Jane Johnson  
Case Manager to  
Magistrate Judge Virginia M. Morgan