**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WILLIE JONES

        Plaintiff,

v.                                                         Case No. 07-CV-11002

RICHARDSON, et al.,

        Defendants.
                             /

**ORDER SUSTAINING IN PART AND DENYING IN PART DEFENDANTS'**
**OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

Pending before the court is Defendants' "Motion to Dismiss for Failure to Comply with Court Order" filed on June 23, 2008. Magistrate Judge Virginia M. Morgan issued a Report and Recommendation ("R&R"), recommending that Defendants' motion be denied, but that specific time limits be set for Plaintiff to produce the authorizations Defendants seek and that serve as the basis for the motion to dismiss. Defendants filed timely objections to the R&R. For the reasons stated below, the court will sustain Defendants' objections to the extent that the court will allow additional time for dispositive motions, and overrule the objections to the extent that they seek the grant of Defendants' motion to dismiss. Further, the court will adopt the R&R and supplement the proposed discovery schedule.

**I. BACKGROUND**

Plaintiff, a state prisoner, filed a *pro se* complaint alleging his civil rights were violated through Defendants' deliberate indifference to his medical needs. (Compl. at 4.) In preparing a defense, Defendants requested Plaintiff sign and return authorization

forms allowing Defendants to obtain Plaintiff's relevant medical records and his grievance procedure records. Plaintiff did not comply with the request, and on June 5, 2008, the magistrate judge ordered Plaintiff to sign and return the authorizations. (R&R at 3.) Defendants argue Plaintiff did not comply with the magistrate judge's order, compelling their motion to dismiss. (*Id.*) Plaintiff responded that he sent the authorizations in compliance with the magistrate judge's order, to which Defendants replied that a limited authorization for medical records was provided after their motion was filed, and an authorization for the grievance procedure records was never produced. (*Id.* at 4.) The magistrate judge noted that Plaintiff was acting *pro se*, and did not appear to have acted willfully or in bad faith. (*Id.*) In so finding, the magistrate judge recommended that the motion to dismiss be denied, but that Defendants be granted additional time to file any dispositive motions in light of Plaintiff's non-compliance to date. (*Id.* at 4-5.)

## II.  STANDARD

### A.  Review of Reports and Recommendations

The filing of timely objections to a magistrate judge's R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See *United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. A party who files timely objections to a magistrate judge's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Id.* at 147 (footnote omitted).

## III. DISCUSSION

In recommending against dismissal of Plaintiff's claims, the magistrate judge noted there was a "lack of prejudice suffered by defendants . . . [an] absence of any warning to plaintiff regarding the failure to comply . . . and the fact that no lesser sanctions have been imposed . . . ." (R&R at 4.) The magistrate judge found that dismissal of an action, with prejudice, is an "extreme measure that should only be used as a last resort." (R&R at 4, citing *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985).) Defendants now argue that they are prejudiced because Plaintiff's delay in providing the requested authorizations prevents Defendants from filing a motion for summary judgment. (Objs. at 4.) In the alternative, Defendants ask for further time

3

to file a dispositive motion.  (*Id.*)  While the court appreciates the impact Plaintiff's delay continues to cause Defendants, the court does not think this kind of prejudice warrants the extreme measure of dismissal – yet.  Nonetheless, the court can now craft a schedule that, if Plaintiff does not to comply, will result in dismissal of his claims.  Accordingly,

IT IS ORDERED that Defendants' "Objections to Magistrate Judge Virginia M. Morgan's September 19, 2008 Report and Recommendation" [Dkt. # 114] are SUSTAINED IN PART.  Specifically, the court will sustain Defendants' objection that further time should be granted for a dispositive motion.  Because the court notes that Defendants filed a motion for summary judgment on October 29, 2008, the court will grant Defendants until **December 15, 2008** to file a supplement to their motion, if the authorizations received from Plaintiff necessitate future briefing.

IT IS FURTHER ORDERED that Magistrate Judge Morgan's September 19, 2008 Report and Recommendation [Dkt. # 113] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.  The court supplements the schedule proposed in the R&R and Plaintiff IS ORDERED to fully comply with the magistrate judge's June 5, 2008 order to compel by **December 1, 2008**.  Plaintiff is specifically cautioned that further non-compliance with the magistrate judge's June 5, 2008 order will result in a dismissal of this matter.

Finally, IT IS ORDERED that Defendants file a notice with the court of Plaintiff's compliance  by **December 2, 2008**.  If Plaintiff does not comply, Defendant should instead be prepared to file a motion to dismiss on or before **December 16, 2008** with

any response from Plaintiff due on or before **December 30, 2008**.

                          s/Robert H. Cleland
                          ROBERT H. CLELAND
                          UNITED STATES DISTRICT JUDGE

Dated: November 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 14, 2008, by electronic and/or ordinary mail.

                          s/Lisa G. Wagner
                          Case Manager and Deputy Clerk
                          (313) 234-5522